## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

## OCTOBER TERM, 1909.

*(Continued from Volume 139)*

In re ESTATE WILLIAM McNEELY, Deceased, Appellant, v. JOHN F. IMEL, Judge Probate Court, Respondent.

**Kansas City Court of Appeals, December 6, 1909.**

1. ADMINISTRATION: Practice: Appeal. An order of the probate court authorizing the administratrix to use certain money of the estate for the erection of a burial vault for the decedent, is not a judgment or allowance settlement.

2. ———: ———: ———. Such an order is not a judgment or allowance against the decedent's estate, nor is it an allowance of a claim under section 214, idem.

3. ———: ———: ———. The heirs at law could have appeared when such first annual settlement was filed and objected thereto, and if aggrieved by the judgment of the court they could appeal.

Appeal from the Buchanan Circuit Court.—*Hon. C. A. Mosman,* Judge.

AFFIRMED.

*James Moran* for appellant.

(1)   Section 214, Revised Statutes 1899, provides, that, "If any . . . heir . . . of an estate shall, within four months after any demand shall have been allowed, file in the office of the probate court the affidavit of himself or some credible person, stating that the affiant has good reason to believe, and does believe, that such demand has been improperly allowed, and shall furnish satisfactory evidence of that fact to the court, and further, that notice has been given the opposite party or parties in interest, the court shall vacate such order of allowance and try the matter anew, and allow or reject such demand, as shall be right."   (2) This section of the statute has the effect of placing a limitation of four months on the time, a judgment of allowance of the probate court shall go into effect, and during this period of time the order of allowance is interlocutory only.   If any one of the persons named in the statute, shall file in the office of the probate court, the affidavit therein mentioned within four months the court must hear and pass on it; it has no discretion in the matter; if it refuses to set aside the former allowance, then, and then only, does the allowance become a judgment against the estate, and then and then only is it final.   (3)   Section 278, Revised Statutes 1899, provides that, "Appeals shall be allowed from the decision of the probate court to the circuit court in the following cases: . . . Fifteenth, and in all other cases where there shall be a final decision of any matters arising under the provisions of this chapter; and the right of appeal herein provided for shall extend to any heir, devisee, legatee, creditor or other person having an interest in the estate under administration."   (4)   Hence it is that the court committed error in holding that no appeal lies from the refusal of the probate court to set aside its former order of allowance in accordance with the provisions of sec-

tion 214, Revised Statutes 1899. Ruff v. Doyle, 56 Mo. 301; McCrary v. Menteer, 58 Mo. 446; In the Matter of Estate of McClure, 76 Mo. 205; Ferguson v. Carson, 86 Mo. 673; Keele v. Keele, 118 Mo. App. 262; Moody v. Peyton, 135 Mo. 491. This case discusses sections 214 and 278 and holds that an appeal lies from all orders and judgments of the probate court made under the provisions of section 214. Ferguson v. Carson, 13 Mo. App. 33; Donaldson v. Lewis, 7 Mo. App. 403. (5) The allowance was improperly made, in this, that the probate court had no power or authority to make an allowance in favor of the administratrix without appointing an administrator *pendente lite* to defend the interests of the estate. R. S. 1899, sec. 205; State to use v. Bidlingmair, 26 Mo. 483; Clark v. Fountain, 28 Mo. App. 34. (6) And as section 214 must be regarded as a remedial statute, it must therefore be liberally construed with a view to effectuate its manifest purpose. Authorities supra. (7) And the office and duties of an administrator are fixed and limited by law. He is in no sense of the term an agent, for back of him is no principal. His office is a naked trust and he can make no contract, nor perform any acts other than such as are connected with or incident to the execution of his trust. Richardson v. Palmer, 24 Mo. App. 480-487; Byers v. Weeks, 105 Mo. App. 72. (8) And probate courts possess no power to allow any claim against an estate, except those in existence at the time of the death of the person whose estate is undergoing administration. Farrar v. Dean, 24 Mo. 16; Presbyterian Church v. McElhinney, 61 Mo. 542; Ferguson v. Carson, 13 Mo. App. 29-33; Garnett v. Carson, 11 Mo. App. 290.

*Kendall B. Randolph* for respondent.

(1) The probate court may properly make an allowance for funeral expenses and for monuments and vaults. A vault is a burial place and a monument com-

bined.   In re Danforth's Estate, 66 Mo. App. 591;
Argo v. Donover, 80 Iowa 214; Succession of Smith, 9
La. Ann. 107; Owens v. Bloomer, 14 Hun 296; Tickel
v. Quinn, 1 Dem. Sur. 425; Laird v. Arnold, 42 Hun
136; Appeal of McGlinsey, 14 Serg. & R. 64; In re Con-
nolly's Estate, 28 Pittsb. Leg. J. 355; Moulton v. Smith,
16 R. I. 126.   (2) 'The judgment of allowance of a de-
mand by the probate court is as conclusive as is the
judgment of any other court.   Mason v. Gaither, 106
Mo. App. 357, citing Munday v. Leeper, 120 Mo. 417.

BROADDUS, P. J.—This action was commenced
in the probate court of the county and from there it
was taken to the circuit court on appeal.   The trial in
the circuit court resulted in a judgment in favor of
the defendant and plaintiff appealed.

We gather from the statement of the record, that
defendant, as administratrix, on the 28th day of Sep-
tember, 1908, presented to the probate court the fol-
lowing petition:

"Comes now Dora McNeely, administratrix of the
said estate, and petitions the Honorable Probate Court
for an order authorizing her to expend an amount suf-
ficient to provide for the erection of a vault as a burial
place for the late William McNeely, and as grounds
therefor states:   That it was the expressed will and in-
tention of the said William McNeely, prior to his death,
to provide for the erection of said vault and he had
contemplated the immediate erection of the same prior
to his death; but that his death occurred before he had
time to perfect the plans and complete the erection of
said vault.

"Your petitioner further states that all of the debts
that were due and owing against said estate have been
paid and that the estate has ample funds to justify the
court in ordering the administratrix to expend a rea-
sonable sum for that purpose."

On the same day the court heard the application

of the administratrix and authorized her to expend for the purpose $1,750, and that she take credit for that amount in her first annual settlement.

On January 18, 1909, plaintiffs as heirs at law of the said McNeely presented their petition to the probate court asking that said order be vacated, assigning several reasons therefor only one of which is of importance, viz.: That the court had no jurisdiction to make such order. On the 5th day of February, 1909, the petition or motion to vacate the order was overruled. From this action of the court the petitioners appealed. In the circuit court the administratrix filed a motion to dismiss the appeal on the grounds, that the court was without jurisdiction to hear the appeal; that the matter appealed from is not appealable; that the appeal is not taken from a final judgment; that the appeal is not taken from a demand allowed against the estate; and that it was not taken at the proper time and in the proper manner. The motion was sustained and the petitioners appealed to this court.

As there was no judgment or allowance against the decedent's estate, nor any order of court, from which an appeal is provided for under section 278, Revised Statutes 1899, governing appeals in administration, the court properly sustained the motion. But plaintiff seems to think the case is governed by section 214, idem, relating to proceedings where an improper allowance has been made. The section does not relate to appeals. And as there had been no claim allowed there could be no appeal, even if it were permissible under the section.

The appellants, had they so elected, could have appeared in the probate court when the administratrix filed her first annual settlement and objected to the proposed allowance on the ground of want of jurisdiction in the court to make it, or for any other good reason, and then they could have appealed if they felt aggrieved by the judgment of the court. Or they could have ap-

peared under section 214 and objected on the ground that it was an improper allowance against the estate.

We do not want to be understood as holding that if the court had no jurisdiction to allow the claim as a just demand against the estate the question could not be raised at any time before the close of administration or even afterwards.

As there was nothing in the case to appeal from, the judgment is affirmed. All concur.